UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LYNN REED, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:10-CV-30 RM<br>(Arising out of 3:06-CR-75(01) RM) |

OPINION and ORDER

At the end of a two-day trial in February 2007, a jury convicted Terry Reed of being a felon in possession of a firearm and possessing a firearm while being a user of controlled substances. The court sentenced Mr. Reed in April 2007 to concurrent imprisonment terms of 262 months on each count, to be followed by a five-year term of supervised release. Mr. Reed's conviction and sentence were affirmed on appeal, United States v. Reed, 539 F.3d 595 (7th Cir. 2008), and his petition for a writ of certiorari was denied on January 12, 2009. Mr. Reed is now before the court on his *pro se* petition seeking to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

A one-year limitation period is applicable to motions filed pursuant to 28 U.S.C. § 2255. Mr. Reed's conviction became final on January 12, 2009, the date the Supreme Court denied his request for a writ of certiorari, so to be timely, his petition was required to be filed on or before January 12, 2010. Mr. Reed signed his § 2255 petition on January 11, 2010, and the petition was received in this

building on January 15, when it was mistakenly directed to the United States Attorney's Office. Although the petition was docketed in this case on January 20, the prison mailbox rule governs and Mr. Reed's petition is to be deemed filed on the date he delivered it to prison authorities for forwarding to the court. *See* Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999) (a prisoner's pleadings are deemed to be filed when the prisoner places the pleadings in the prison's mail system, not when the district court clerk receives them). Mr. Reed has provided no evidence relating to the date he deposited his petition for mailing, *see* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (timely filing may be shown by a certified declaration or notarized statement setting forth the date of deposit and stating that first-class postage has been prepaid), but because his petition was received in this building on January 15, the court assumes Mr. Reed both signed his petition and delivered it for mailing on January 11, which renders his petition timely filed.

28 U.S.C. § 2255 also provides that if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief," an evidentiary hearing is not required. A review of Mr. Reed's petition and the record of this case demonstrates that the issues Mr. Reed raises may be resolved on the record and no hearing is necessary. *See* Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005) ("A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no

2

relief.'" (*quoting* 28 U.S.C. § 2255 ¶ 2)); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995) ("[A] hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations.").

I. BACKGROUND

Mr. Reed was indicted on June 15, 2006 on charges of being a felon in possession of firearms (Count 1), in violation of 18 U.S.C. § 922(g)(1), and possessing firearms while being an unlawful user of controlled substances (Count 2), in violation of 18 U.S.C. § 922(g)(3). On June 19, Mr. Reed, accompanied by his retained counsel, entered a not guilty plea; a detention hearing was held on June 20 and Mr. Reed was ordered detained. Trial was scheduled to commence on September 12.

Mr. Reed filed a motion to suppress on July 7, which the court denied after an evidentiary hearing. On September 7, Mr. Reed pleaded guilty to Count 1 of the indictment; sentencing was scheduled for November 27, and the trial date was vacated. Before sentencing, Mr. Reed filed a motion to withdraw his guilty plea based on his claim that at the time of his plea he and his counsel were unaware that he could be sentenced as an armed career offender pursuant to 18 U.S.C. § 924(e). The court granted Mr. Reed's motion to withdraw his plea; he then retained substitute counsel and a February 5, 2007 trial date was set.

Trial commenced as scheduled, and on February 6, the jury convicted Mr. Reed on both counts of the indictment. At sentencing, the court determined that

Mr. Reed's past criminal record qualified him as an armed career offender, exposing him to an enhanced penalty of a mandatory minimum sentence of fifteen years' imprisonment. The court sentenced Mr. Reed to concurrent terms of imprisonment of 262 months on each count. Mr. Reed's trial counsel filed a notice of appeal on behalf of Mr. Reed and then sought leave to withdraw as appellate counsel. The court of appeals granted the motion to withdraw and appointed substitute appellate counsel for Mr. Reed. Mr. Reed's conviction was affirmed on August 20, 2008, and his petition for a writ of certiorari was denied on January 12, 2009.

Mr. Reed's § 2255 petition is based on his claims that (1) evidence seized pursuant to his arrest should have been suppressed because he wasn't present during the search of the premises where he was living and the police had no probable cause to believe a crime had been committed; (2) his counsel was ineffective for not challenging in state court the illegal search that had no federal nexus and was conducted by state actors; (3) during trial, the government wrongfully introduced evidence of his earlier guilty plea, denying him a fair and impartial trial; (4) an accumulation of trial court errors rendered his counsel's performance ineffective; and (5) calculation of his criminal history under the Sentencing Guidelines was incorrect so his sentence as an armed career offender was improper. The government has filed its response. For the reasons that follow, the court denies Mr. Reed's § 2255 petition.

## II. Legal Standard

A person convicted of a federal crime may attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, that the court had no jurisdiction to impose such sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 petition won't be allowed to substitute for an appeal or to advance arguments that could have been made earlier. *See* Reed v. Farley, 512 U.S. 339, 354 (1994) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal." (*quoting* Sunal v. Large, 332 U.S. 174, 178 (1947))); Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000) ("It is well-established . . . that a § 2255 motion is not a substitute for direct appeal. "). Constitutional claims not raised on direct appeal are barred unless the petitioner can show good cause and actual prejudice for not raising the issues on appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds*, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994). Non-constitutional issues that could have been, but weren't, raised on direct appeal can't be raised in a § 2255 petition; there is no cause and prejudice exception for non-constitutional errors that could have been raised on appeal but were not. Arango-Alvarez v. United States, 134 F.3d 888, 891 (7th Cir. 1998). Issues already argued and decided on direct appeal can't be raised in a § 2255 petition without a showing of changed circumstances. Belford v. United States,

5

975 F.2d at 313. And, lastly, a claim of ineffective assistance of counsel not raised on direct appeal may still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

III. Discussion

*A. Claims Decided on Appeal*

Mr. Reed claims that the evidence seized pursuant to his arrest should have been suppressed because the police lacked probable cause and he wasn't present at the time of the search. Those claims of error were raised and rejected on appeal. *See* United States v. Reed, 539 F.3d at 598-600 ("As the district court properly concluded, Reed's case does not fall within the ambit of [Georgia v. Randolph, 547 U.S. 103 (2006), because] Reed was absent from the residence at the time Foster consented and the search was conducted. Reed's absence was a result of a valid arrest, and the police did not execute the arrest for the purpose of removing Reed from the area when the police obtained Foster's consent. . . . Further, it is clear from the record that Foster voluntarily consented to the search of 4009 Bonfield, as evinced by her consultation with her sister and an attorney. . . . The police officers' search of 4009 Bonfield did not violate the principles set forth in *Randolph*, and therefore the district court properly denied [Mr.] Reed's motion to suppress."). "Once the claim has been rejected on direct appeal, that decision will be binding on the district court through the law of the case doctrine," United States v. Harris, 394 F.3d 543, 558 (7th Cir. 2005), and the issues can't be

6

reconsidered in a § 2255 petition absent changed circumstances. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995). Mr. Reed hasn't set forth any changed circumstances that would justify reconsideration or relitigation of claims already decided on appeal, so his request for relief on those claims is barred.

## B. Constitutional Claims

A petitioner can't bring constitutional claims he could have raised on direct appeal without showing good cause for and actual prejudice resulting from his failure to raise the claims on direct appeal. Reed v. Farley, 512 U.S. at 354; United States v. Frady, 456 U.S. 152, 167-168 (1982). If a petitioner can't demonstrate both good cause and prejudice, he may obtain collateral review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 495-496 (1986).

Mr. Reed claims his Sixth Amendment right to a fair trial was violated when the government "informed the jury of [his] previous plea of guilty to the charges to which he was then before them on trial." Petn., at 7. Because that issue wasn't raised on appeal, Mr. Reed must show good cause for and actual prejudice from not raising the issue on direct appeal. Mankarious v. United States, 282 F.3d 940, 943 (7th Cir. 2002). He has shown neither: he didn't acknowledge that the claim he presents wasn't raised in his appeal, nor did he address the issues of good cause for and prejudice from that omission. As a result, Mr. Reed lost his

7

opportunity to raise his claim in a § 2255 petition. But even if the court were to consider his claim, Mr. Reed couldn't prevail.

Contrary to Mr. Reed's claim, the fact of his previous guilty plea was first reported to the jury not by the government, but by Mr. Reed and his counsel. Mr. Reed testified on his own behalf at trial, and in his attempt to refute testimony by Michael Anderson that he (Mr. Reed) made incriminating statements to Mr. Anderson while the two men were housed at the St. Joseph County Jail, Mr. Reed told the jury about his guilty plea in response to questions from his attorney:

> Q  Now, to get back to my question. [Mr. Anderson] said it was in late September where you gave him all this information; is that correct?
>
> A  Yes, sir, that's correct.
>
> Q  So the jury knows this, isn't it a fact that, earlier in this case, on September 7 of '06, that you pled guilty to the charge of possessing the gun with a prior conviction?
>
> A  I think it was September the 5th when – was it the 5th or the 7th – when my attorney at the time, Mr. Kimmel, and the government, we had entered a plea.
>
> Q  All right. And October 19th, you filed a motion to withdraw that plea?
>
> A  Yes.
>
> \*   \*   \*
>
> Q  . . . If you had already pled guilty on September 7th, 2006, would there by any reason, in late September 2006, to be discussing these type of details with Mr. Anderson?
>
> A  No, because, like you said, the date was the 7th that the agreement was reached, so we had been in negotiation for at least a week before that, so that would have put us about like August the 27 or 28th, and, basically, there was no reason. There wasn't going to be no trial. So why would I be saying things like that when actually at that point in time there was not even a trial scheduled?

8

> Q All right. So there was a plea; then you withdrew the plea; and now we've got the trial; is that correct?
>
> A That's correct.

Trial Tr., at 259-261. Thus, Mr. Reed's claim that the government improperly informed the jury of his previous guilty plea is wrong. His claim of a Sixth Amendment violation is without merit.

Mr. Reed hasn't established that his sentence was imposed "in violation of the Constitution or laws of the United States," that the court was without jurisdiction to impose his sentence, or that the sentence was in excess of the maximum allowed by law, nor has he demonstrated an error so fundamental that a "complete miscarriage of justice" occurred. Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997) (*citing* Reed v. Farley, 512 U.S. 339, 348 (1994), and 28 U.S.C. § 2255). Mr. Reed isn't entitled to the relief he seeks based on his claim that his Sixth Amendment rights were violated.

### C. Non-Constitutional Claims

"[N]on-constitutional errors which could have been raised on appeal but were not, are barred on collateral review — regardless of cause and prejudice." Arango-Alvarez v. United States, 134 F.3d 888, 891 (7th Cir. 1998); *see also* Murray v. United States, No. 09-107, 2009 WL 3461920, at *3 (S.D. Ill. Oct. 23, 2009) ("the Seventh Circuit has made it very clear that there are . . . issues that cannot be raised in a Section 2255 motion: . . . nonconstitutional issues that

could have been but were not raised on direct appeal"). Mr. Reed claims the court incorrectly calculated his criminal history points under the Sentencing Guidelines making his sentence as an armed career offender improper, but his claim of error wasn't raised on appeal, so his claim is barred.[1]

*D. Ineffective Assistance of Counsel*

Generally, a claim of ineffective assistance of counsel not raised on direct appeal may still be raised in a proceeding under § 2255. Massaro v. United States, 538 U.S. 500, 509 (2003); Richardson v. United States, 379 F.3d 485, 487 (7th Cir. 2004). However, when, as here, different counsel represented a defendant on appeal, he must raise his ineffective assistance of trial counsel claim in his direct appeal or face procedural default for not doing so. McCleese v. United States, 75 F.3d 1174, 1178 (7th Cir. 1996). Mr. Reed hasn't presented any reason for not raising his ineffective assistance of trial counsel claim on appeal, so to overcome his procedural default and raise the claim for the first time in his § 2255 petition,

---

[1] Mr. Reed bases his claim on his assertion that in 1992 his two armed robbery convictions were consolidated for sentencing purposes, so his "consolidated sentences" shouldn't have been counted as two separate sentences that resulted in assessment of three criminal history points each. He argues that "the additional 3 points added for at least one of the robbery convictions must be voided and because the same sentences were consolidated for the purpose of each robbery conviction, petitioner is not an armed career offender . . . and consequently the armed career offender penalty must be reversed." Petn., at 8-9. Mr. Reed is mistaken. Even if one of his prior armed robbery sentences had been improperly considered in the armed career offender calculation, his armed career offender status wouldn't change. As the court noted, "[a]ny defendant convicted of possessing a firearm after 3 prior violent felony convictions must be imprisoned for at least 180 months. Mr. Reed has 5 prior convictions for violent felonies (plus a conviction for causing bodily injury while fleeing), so he should receive a sentence appreciably greater than 180 months." Sent. Memo. (Apr. 24, 2007), at 3.

he must offer extrinsic evidence, that is, evidence outside the trial record that "illuminates the attorney's errors." McCleese v. United States, 75 F.3d 1174, 1178 (7th Cir. 1996); *see also* Bond v. United States, 1 F.3d 631, 635 (7th Cir. 1993) ("Only if there is a need to embellish the picture of trial counsel's performance with extrinsic evidence will we excuse the failure to raise the claim on direct appeal.").

Mr. Reed has proffered no extrinsic evidence to support either of his claims of ineffective assistance of counsel. Mr. Reed first says his trial counsel should have challenged the search incident to his arrest in state court because, according to Mr. Reed, "it simply makes no sense in fact or law to charge local police with a violation of a constitutional right in federal court where the search incidental to the arrest lacked any particular federal nexus. Had counsel challenged the search in its proper forum, there exist a likelihood that the evidence seized by state actors would be barred by the Constitution and Laws of the State of Indiana and thus the United States." Petn., at 6. Mr. Reed presented no extrinsic evidence or legal support for his claim that his attorney should or could have challenged the police search in a state court when the police actions of which he complains relate to charges brought against him in federal court. Mr. Reed's "unsubstantiated and largely conclusory statements fall far short" of supporting an ineffective assistance of counsel claim. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005); *see also* Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005) (a claim of

ineffective assistance unsupported by "actual proof of [petitioner's] allegations" cannot meet the threshold requirement for purposes of § 2255).

Mr. Reed also claims that an "accumulation of trial court error renders counsel performance ineffective and otherwise left petitioner Reed without the aid of counsel within the meaning of the Sixth Amendment . . . Throughout the proceedings, counsel noticeably failed petitioner Reed at just about every turn of the criminal proceedings which ultimately resulted in the conviction and sentence to which Reed now suffers." Petn., at 7-8. Vague, conclusory allegations are insufficient to establish that trial counsel was ineffective. *See* United States v. Hodges, 259 F.3d 655, 660 (7th Cir. 2001) ("An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct."); United States v. Woody, 55 F.3d 1257, 1272 (7th Cir. 1995) ("Without a detailed explanation of the instances of his attorney's errors as well as their effect on the result, we cannot evaluate [defendant's] Sixth Amendment claim.").

To succeed on an ineffective assistance of trial counsel claim, a petitioner must show, first, that his attorney's performance was deficient – "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" – and, second, that counsel's deficient performance prejudiced his defense – "that counsel's errors were so serious as to deprive [the defendant] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984); *see also* Kimmelman v.

Morrison, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). Mr. Reed hasn't established that his trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance. Mr. Reed isn't entitled to the relief he seeks based on his claim of ineffective assistance of trial counsel.

IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Reed's petition filed pursuant to 28 U.S.C. § 2255 [docket # 89].

SO ORDERED.

ENTERED:   March 1, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: T. Reed
AUSA Barrett