UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LYNN REED,                        )
                                        )
            Petitioner                  )
                                        )
      vs.                               )      CAUSE NO. 3:10-CV-30 RM
                                        )      (Arising out of 3:06-CR-75 RM)
UNITED STATES OF AMERICA,               )
                                        )
            Respondent                  )

OPINION and ORDER

On March 1, 2010, the court denied Terry Reed's petition filed pursuant to 28 U.S.C. § 2255, and judgment was entered the next day. Mr. Reed has filed a Notice of Appeal (received and filed by the court on April 26) of that order, in which he states as follows: "Thus, be it said on this 21 day of April, 2010 that petitioner Terry Lynn Reed hereby seeks to take this appeal from the denial of his Title 28 United States Code, Section 2255 Motion." Although Mr. Reed hasn't asked that a certificate of appealability be issued or that he be permitted to proceed *in forma pauperis* on his appeal, the court will construe his Notice of Appeal as containing both those requests.

A certificate of appealability may be issued only if Mr. Reed makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Reed hasn't made a substantial showing of the

denial of a constitutional right or specified any challenge(s) he intends to make to the denial of his § 2255 petition. In addition, Mr. Reed's appeal appears to be untimely. *See* Fed. R. App. P 4(a) (requiring that notice of appeal be filed "within 30 days after judgment or order appealed from is entered"). The court declines to issue a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be allowed to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Reed's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, Mr. Reed's requests for leave to proceed *in forma pauperis* on appeal and for a certificate of appealability are DENIED.

SO ORDERED.

ENTERED:  May 4, 2010

                                    /s/ Robert L. Miller, Jr.
                                    Robert L. Miller, Jr., Judge
                                    United States District Court

cc:   T. Reed
      AUSA Barrett